2021 IL App (2d) 210122-U
No. 2-21-0122
Order filed June 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* M.R.F-S. and S.P.S., | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Minors, | ) | |
| | ) | |
| | ) | Nos.  18-JA-73 |
| | ) |      18-JA-74 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Kristin F., | ) | Francis M. Martinez, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: Appellate counsel's motion to withdraw granted where there were no issues of arguable merit regarding the trial court's findings that respondent is unfit and that it is in the minors' best interests for parental rights to be terminated.

¶ 2   On November 5, 2020, and February 10, 2021, respectively, the trial court found that the State had established by clear and convincing evidence that respondent, Kristin F., is an unfit parent to her children, M.R.F-S. and S.P.S., and that it is in the children's best interests that her parental rights be terminated.  Respondent appeals.

¶ 3 Pursuant to *Anders v. California*, 386 U.S. 738 (1967), respondent's appellate counsel moves to withdraw as counsel. See *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000) (*Anders* applies to termination cases). Counsel states that he has read the record and has found no issues of arguable merit. Further, counsel supports his motion with a memorandum of law providing a statement of facts, potential issues, and argument as to why those issues lack arguable merit. Counsel served respondent with a copy of the motion and memorandum, and we advised respondent that she had 30 days to respond. That time has passed and she has not responded. For the reasons set forth in counsel's memorandum of law, we agree that it would be frivolous to argue that it was against the manifest weight of the evidence for the trial court to find respondent unfit or that termination of her parental rights is not in the children's best interests.

¶ 4 Involuntary termination of parental rights under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-3(1)(b) (West 2018)) is a two-step process. *In re C.W.*, 199 Ill. 2d 198, 210 (2002). The State must first prove by clear and convincing evidence that the parent is unfit under any single ground listed in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2018)). *C.W.*, 199 Ill. 2d at 210. If the parent is unfit, the matter proceeds to a second hearing, at which the State must prove by a preponderance of the evidence that it is in the best interests of the minor to terminate parental rights. *In re D.T.*, 212 Ill. 2d 347, 352, 366 (2004). We will not disturb a trial court's unfitness or best interest findings unless they are against the manifest weight of the evidence. *In re N.B.*, 2019 IL App (2d) 180797, ¶¶ 30, 43. A trial court's decision is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable. See, *e.g.*, *In re Daphnie E.*, 368 Ill. App. 3d 1052, 1064 (2006).

¶ 5 Here, in 2018, the children were adjudicated neglected and in danger of harm due to domestic violence. In January 2020, after respondent's efforts and, by extension progress, to

satisfying various requirements in the service plan declined, the trial court changed the goal from return home to substitute care pending termination of parental rights. The State's March 30, 2020, petition to terminate respondent's parental rights alleged that respondent was an unfit parent because she failed to: (1) maintain a reasonable degree of interest, concern or responsibility as to the children's welfare (750 ILCS 50/l(D)(b) (West 2018)); (2) protect the minors from conditions within the environment injurious to their welfare (750 ILCS 50/l(D)(g) (West 2018)); (3) make reasonable efforts to correct the conditions that caused the children to be removed during a nine-month period after an adjudication of abuse or neglect and, specifically, from April 8, 2019, to January 8, 2020 (750 ILCS 50/1 (D)(m)(i) (West 2018)); and (4) make reasonable progress toward the return of the children to her during a nine-month period after an adjudication of abuse or neglect and, specifically, from April 8, 2019, to January 8, 2020 (750 ILCS 50/1 (D)(m)(ii) (West 2018)). The court ultimately found respondent unfit on all four bases alleged in the petition. However, on appeal, we need not consider all four bases, as any *one* of them, if not contrary to the manifest weight of the evidence, is sufficient to affirm the court's finding. *In re Gwynne P.*, 215 Ill. 2d 340, 350 (2005).

¶ 6      We have reviewed the record and preliminarily wish to comment that respondent has been the victim of numerous instances of domestic violence, and she has also battled mental illness (such as depression) and drug addiction. These unfortunate circumstances have affected her ability to comply with all goals and recommendations in her service plans (for example, it appears that, following a period of sobriety, she relapsed and used drugs after she was physically attacked by the children's father upon his release from prison). Nevertheless, despite these challenges, respondent attempted, albeit with varying degrees of success, to engage in various treatments and to regularly visit her children, which should be noted as commendable.

¶ 7 Nevertheless, viewing the record as a whole, we simply cannot find against the manifest weight of the evidence the trial court's unfitness findings and, in particular, its finding that respondent failed to maintain a reasonable degree of interest, concern, or responsibility as to the children. See 750 ILCS 50/l(D)(b) (West 2018). Specifically, a parent is not fit merely because he or she has shown some interest in or affection for a child. See *In re M.J.*, 314 Ill. App. 3d 649, 657 (2000). Rather, the interest, concern, and responsibility must be objectively reasonable, and a parent's failure to comply with the directives of a service plan "is tantamount to objectively unreasonable interest, concern, or responsibility as to the child's welfare." *Id*. Here, when announcing its findings as to this unfitness count, the court explained that the key word was "maintain," and while respondent had demonstrated "stretches of compliance," she had not maintained compliance with the reunification plan. As respondent's counsel notes, there was adequate evidence in the record for the court to make this finding, and any argument challenging it would lack merit. Although respondent was consistent with her visitation, was appropriate during visits, sustained a three- or four-month period of sobriety, and engaged in required services, she failed to *maintain* sobriety or engagement in those services and, ultimately, was unsuccessfully discharged from them. Specifically, the evidence reflects that respondent maintained sobriety from November 2018 to February 2019. However, in July 2019, she gave birth to a baby (not the subject of these proceedings[1]) who tested positive for cannabis in the umbilical cord. In October 2019, respondent tested positive for cocaine. In December 2019, she tested positive for

---

[1] The infant, and the eldest sibling, are not subjects of this appeal; however, we note that both have been placed with respondent's parents, and respondent signed specific consents for their adoption.

amphetamines. As to required services, respondent did, again, make efforts to engage in services. However, after April 2019, that engagement became sporadic. In August 2019, she missed a psychological evaluation, her attendance at individual counseling sessions was inconsistent, and the court found that she was unsuccessfully discharged from all services. Accordingly, in light of respondent's failure to maintain engagement in the required treatments and sobriety, as outlined by her service plan, it was not against the manifest weight of the evidence for the court to find that respondent had not maintained a reasonable degree of interest, concern, or responsibility as to the children. In sum, there is no arguable merit to a claim that it was unreasonable for the court to find respondent unfit and, therefore, appellate counsel would not be able to raise a meritorious argument challenging the unfitness finding.

¶ 8   Similarly, we conclude that there is no arguable merit to a claim that it was against the manifest weight of the evidence for the trial court to conclude that termination of parental rights is in the children's best interests. See *In re Janira T*., 368 Ill. App. 3d 883, 894 (2006). In making a best-interests determination, the trial court must consider the factors set forth in section 1-3(4.05) of the Juvenile Court Act (705 ILCS 405/1-103(4.05) (West 2018)), including, in part, the child's physical safety and welfare; need for permanence, stability and continuity; and sense of attachments, love, security, and familiarity. *Id.*

¶ 9   Here, respondent's counsel notes that the trial court did not expressly state upon which factors it relied for its best-interest decision. Yet, as counsel also notes, the court, while not specifically stating what factors it was weighing, provided reasoning consistent with the statutory factors, when it explained that termination was appropriate given the development of the children's identity, their sense of attachment, and their need for stability and permanence. The court found that the evidence reflected that the children had integrated and bonded with their foster family and

that the foster placement was stable. In addition, the evidence showed that the foster parents had "stabilized [the children's] medical needs and [made] sure that the children are healthy." Indeed, the children had been living together with their foster family since September 28, 2018, and they both suffer from *severe* food allergies that were resulting in upset stomachs and skin that would breakout so badly that they would scratch until they bled; even bathing was painful. The foster family has obtained the necessary medical care to control the allergies, as well as the appropriate plans at school to monitor the allergies there. The family has engaged in extensive efforts while cooking to obtain ingredients that will accommodate the allergies, while ensuring that the children receive necessary nutrients. The evidence further reflected that the children considered the foster family as their own. Nevertheless, they also saw their biological siblings at least twice monthly.

¶ 10    Counsel notes that, while respondent might seek to argue that the court should have given weight to her preferences as to where the children were placed, he notes that this argument would be unsuccessful, because the trial court did consider, but rejected, the notion that respondent's placement preference was the relevant issue. Indeed, the transcript from the best-interests hearing reflects that it shifted into a debate over where the children would be placed, *i.e.*, with their current foster family or with respondent's parents, with the court ultimately trying to re-direct respondent's line of questioning, commenting, "This appears to be more of a custody fight than a best interest hearing," and reminding those present that the only issue before it was whether it was in the children's best interests to terminate respondent's parental rights, *not* where they would be permanently placed. We agree with counsel that the argument, if raised, would be meritless. The issue before the court was whether it was in the children's best interests that respondent's parental rights be terminated, not which placement (*i.e.*, the foster parents or grandparents) was preferred. In its best-interests findings, the court stated specifically, as to respondent, that her "case seemed

to focus not so much on the prognosis of rehabilitation, but her opposition to termination was more focused on where the children were placed." The court explained that respondent's argument, that termination was not appropriate because the children would be better off in a different placement, conflated two separate, but unrelated, issues. The court commented that, in any event, it was "quite impressed with [the children's foster mother's] testimony as to that family's care for those children." Therefore, it was not against the manifest weight of the evidence for the court to find that termination of respondent's parental rights was in the children's best interests.

¶ 11   In sum, after examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that the appeal presents no issues of arguable merit. Thus, we grant counsel's motion to withdraw and affirm the judgment of the circuit court of Winnebago County.

¶ 12   Affirmed.